106 F.3d 403
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James BURTON-BEY, Plaintiff-Appellant,
v.
UNITED STATES of America, J.J. Clark and S.A. Girton,
Defendants-Appellees.
 No. 96-1973.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 9, 1997.*
Decided Jan. 09, 1997.
 
 Before POSNER, Chief Judge, and CUMMINGS and PELL, Circuit Judges.
 
 ORDER
 
 1
 James Burton-Bey appeals the district court's order granting summary judgment in favor of defendants on his Bivens and Federal Tort Claims Act (FTCA) claims. We affirm.
 
 
 2
 Burton-Bey's claims arise out of two incidents that occurred while he was incarcerated at the federal penitentiary in Terre Haute, Indiana. In the first incident, one of the defendants, correctional officer S.A. Girton, seized a quantity of cigarettes from a locked cell locker belonging to Burton-Bey. Girton had found 97 packs of cigarettes in the locker, far more than the 40-pack limit that an inmate was permitted to possess at any one time. See Institutional Supplement THA-5580.2C. Girton confiscated the excess quantity of 57 packs. Girton prepared a Confiscation and Disposition of Contraband Form, which Burton-Bey signed. Burton-Bey never filed a claim for return of the cigarettes that were confiscated from him.[1]
 
 
 3
 The second incident also involved the seizure of Burton-Bey's property. While in custody at the penitentiary, Burton-Bey had purchased a yellow-hooded sweatshirt from the prison commissary. Subsequent to this purchase, the Associate Warden of Custody directed that all hooded sweatshirts be confiscated from inmates because they posed a security risk to the institution.[2] In accordance with that directive, a prison officer confiscated Burton-Bey's sweatshirt. Again, the appropriate paperwork was filled out and signed by Burton-Bey. Burton-Bey again did not file a claim to recover the sweatshirt.
 
 
 4
 Burton-Bey filed an administrative claim for damages under the FTCA, 28 U.S.C. § 2675, which was denied. He then initiated this action, alleging that his cigarettes and sweatshirt had been confiscated in violation of his Fourth Amendment right to be free from unreasonable seizure of property and his Fifth Amendment right to due process. Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971). He also sought damages under the FTCA[3] for the tort of conversion under Indiana common law.
 
 
 5
 The district court granted defendants' motion for summary judgment. The court ruled, first, that defendants had established that they had a right to confiscate contraband. See 28 C.F.R. § 553.13(a) ("Staff shall seize any item in the institution which has been identified as contraband."). The court went on to hold that the confiscated cigarettes and sweatshirt were contraband: under federal prison regulations, the cigarettes confiscated were those that exceeded the amount Burton-Bey was allowed to possess, and the sweatshirt had been confiscated at the direction of senior prison leadership. Because the confiscations of these items were not wrongful, the court granted summary judgment in favor of the government.
 
 
 6
 On appeal, Burton-Bey continues to insist that the cigarettes and sweatshirt that were seized should not have been classified as contraband. Citing 28 C.F.R. § 553.12, he argues that these items cannot be contraband because they were purchased from the prison commissary. According to the federal regulations:
 
 
 7
 Staff shall consider an item possessed by an inmate to be contraband unless the inmate was authorized to retain the item upon admission to the institution, the item was issued by authorized staff, purchased by the inmate from the commissary, or purchased or received through approved channels (to include approved for receipt by an authorized staff member or authorized by institution guidelines).
 
 
 8
 C.F.R. § 553.12(a) (emphasis added). Burton-Bey contends that he enjoys some expectation in being able to retain personal property which is not prohibited.
 
 
 9
 The district court explicitly addressed Burton-Bey's argument when it referred him to the definition of the term "contraband" that appears in the BOP regulations. Under those regulations, "contraband" includes "any item ... which previously has been authorized for possession by an inmate ... [and a]ltered personal property ... when it is determined to adversely affect institution security, safety, or good order." 28 C.F.R. § 553.12(b)(2). Burton-Bey's appellate brief makes no mention of this definition, which would appear to encompass his hooded sweatshirt and the excess cigarettes.
 
 
 10
 The directive to confiscate all hooded sweatshirts was grounded in security concerns, dating back to earlier riots during which inmates were able to use their hoods to conceal their identities. These concerns prompted the Associate Warden of Custody to give inmates the choice of either cutting off the hoods or having the entire sweatshirt be confiscated. Therefore, even though Burton-Bey purchased the sweatshirt through approved prison channels, the prison was justified in subsequently prohibiting hooded sweatshirts as contraband that "adversely affect[ed] institution security, safety, or good order." 28 C.F.R. § 553.12. And prison staff, under BOP regulations, was authorized to seize any contraband in inmates' possession. 28 C.F.R. § 553.13(a).
 
 
 11
 Similarly, prison staff was justified in confiscating Burton-Bey's cigarettes. Burton-Bey in fact does not dispute that he had been storing many more packs of cigarettes than the quantity permitted under prison regulations. See Institution Supplement THA-5580.2C, p 4.d ("An inmate is allowed to have only four cartons of cigarettes in his possession at any time."). His sole contention is that "THA-5580.2C did not require Appellant to lose his property." (Br. at 8.) As the district court made clear, however, Burton-Bey did not utilize the reclamation of confiscated property procedure described in the federal prison regulations. See 28 C.F.R. § 553.13(b)(2) BOP Policy Statement No. 5580.02.
 
 
 12
 We agree with the district court that defendants established that they had a right to confiscate contraband, and that the cigarettes and hooded sweatshirt were contraband. Because Burton-Bey is unable to establish any constitutional or common law violation, summary judgment was properly granted in favor of defendants.
 
 
 13
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 The procedure by which an inmate can reclaim confiscated property is set forth in the prison regulations:
 (ii) The inmate shall have seven days following the receipt of the inventory [of the confiscated property] to provide staff with evidence of ownership of the listed items ...
 (iii) If the inmate establishes ownership, but the item is identified as contraband, staff shall mail such items (other than hard contraband), at the inmate's expense, to a destination of the inmate's choice.... Where the inmate has established ownership of a contraband item, but is unwilling, although financially able to pay postage, or refuses to provide a mailing address for return of the property, the property is to be disposed of through approved methods, including destruction of the property.
 
 
 [28]
 C.F.R. § 553.13(b)(2); BOP Policy Statement No. 5580.02 (Apr. 27, 1983), p 6(b)(2)
 
 
 [2]
 According to the affidavit of Tydal R. Henry III, a prison lieutenant at USP-Terre Haute, the decision to confiscate all hooded sweatshirts stemmed from actions taken by inmates during riots earlier in 1993 at federal prisons in Phoenix, Arizona and Sheridan, Oregon. According to Henry, inmates during those riots used hooded sweatshirts to shield their identities from correctional personnel
 
 
 [3]
 The FTCA serves as a limited waiver of sovereign immunity, making the federal government liable to the same extent as a private employer for certain torts of employees acting within the scope of their employment. See 28 U.S.C. § 2679; Belluomini v. United States, 64 F.3d 299, 303 (7th Cir.1995). Although the FTCA, as amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988, is the exclusive remedy for torts committed by government employees in the scope of their employment, an exception exists when, as here, a plaintiff brings a Bivens action seeking damages for a constitutional violation by a federal employee. United States v. Smith, 499 U.S. 160, 166-67 (1991); 28 U.S.C. § 2679(b)(2)